# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VELASQUEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>　　　　　　Respondent. | Case No. 2:16-cv-06937-MCS-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. The Court also has reviewed Petitioner's objections to the Report and Recommendation, which the Court received and filed on December 22, 2020 ("Objections"). (Objs., ECF No. 78.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

　　　　Petitioner first reiterates that he is entitled to habeas relief on Ground One because he had developed a close relationship with his previously retained attorney, citing the California Supreme Court's decision in *Harris v. Superior Court*, 19

Cal.3d 786 (1977). (Objs. 2–3.)[1] However, as explained in the Report and Recommendation (*see* Rep. & Recommendation 26–27), the state courts' denial of habeas relief on this claim did not violate clearly established federal law, which holds that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them[,]" *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

Next, as to Ground Two, Petitioner emphasizes that he was prejudiced by his trial attorney's failure to secure the testimony of Guadelupe Perez, an eyewitness to the incident who stated that Petitioner was unarmed and had complied with Officer Vasquez's instruction to raise his hands. (Objs. 3–4.) While Ms. Perez's testimony likely would have been helpful to the defense at trial by undermining Officer Vasquez's testimony that Petitioner pointed a handgun at him, it is not sufficient that this testimony "had some conceivable effect on the outcome of the proceeding." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). Rather, to establish prejudice, Petitioner must show a reasonable probability that Ms. Perez's testimony would have led to a more favorable outcome at trial. *See Strickland*, 466 U.S. at 694; *accord Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable."). As stated in the Report and Recommendation, Petitioner has not met this standard because Ms. Perez saw the incident from a distance and may have had an obstructed view, and she also was potentially biased by her friendship with Petitioner's girlfriend. (*See* Rep. & Recommendation 35–38.) Moreover, the state courts reasonably determined that Petitioner failed to establish the first requirement for an ineffective assistance of counsel claim—that his attorney's performance was constitutionally deficient. *See Strickland*, 466 U.S. at 688–89. As discussed in the

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the parties' filings.

Report and Recommendation, Petitioner's attorney took reasonable steps to secure Ms. Perez's testimony, including serving a subpoena and obtaining a continuance, and made the tactical decision not to pursue further measures such as a body attachment out of concern for Ms. Perez's health condition as well as concern that physically compelling Ms. Perez to testify after her persistent refusal to comply with a subpoena might have undermined the value of her testimony for the defense. (*See* Rep. & Recommendation 35–37.) Thus, even if Petitioner had established prejudice, his claim would fail on this basis. *See Strickland*, 466 U.S. at 687 (holding that an ineffective assistance claim requires both deficient performance and prejudice); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.").

Third, Petitioner reiterates his claim that his attorney was ineffective for failing to object to Captain Krupnick's testimony that he had been warned that the Big Hazard gang had put a "hit" on the Los Angeles Police Department ("LAPD"). (Objs 4–5.) He argues that an evidentiary hearing is required to determine whether his attorney had a strategic reason for failing to object to this comment. (*Id.* at 5.) However, this claim also fails and does not warrant an evidentiary hearing because, as explained in the Report and Recommendation, Petitioner failed to establish prejudice in light of the other testimony at trial concerning tensions between the Big Hazard gang and the LAPD, including prior attempted murders of police officers by other gang members and Petitioner's own statements at the scene. *See generally Strickland*, 466 U.S. at 694. (*See* Report & Recommendation 40–42.)

In sum, the Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: January 8, 2021

*Mark C. Scarsi*

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE